UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ZAIRO RAMOS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 3:15-CV-02912 (JAF)

## **OPINION AND ORDER**

On May 29, 2012, petitioner Zairo Ramos ("Ramos") was convicted, following a jury trial, of aiding and abetting the production of child pornography in violation of 18 U.S.C. §§ 2 and 2251(a), and was sentenced to 188 months in prison, followed by ten years of supervised release, due to his role in a 2010 video in which he and three other men had sex with a fourteen-year-old girl.[1] On August 13, 2014, the First Circuit Court of Appeals unanimously affirmed Ramos' conviction, but vacated a few additional terms of supervised released that had been imposed as part of his sentence. *See United States* v. *Ramos*, 763 F.3d 45 (1st Cir. 2014). On September 8, 2014, we amended the judgment to accord with the First Circuit's decision. On October 6, 2014, the United States Supreme Court denied Ramos's petition for writ of certiorari. *See Ramos* v. *United States*, 135 S. Ct. 305 (2014). On or about September 22, 2015, Ramos, who is still imprisoned under the judgment, timely petitioned this court, pro se, for writ of habeas corpus under 28 U.S.C. § 2255. (ECF No. 1.) The Government opposes the petition. (ECF No. 5.)

---

[1] Ramos was defendant number four of five in the case of *United States* v. *Vilanova-Delgado et al.*, No. 11-CR-00222, which was tried before this court and Judge.

"We are required to construe liberally a pro se [petition]," but "pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed* v. *Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). "A habeas application must rest on a foundation of factual allegations presented under oath, either in a verified petition or supporting affidavits." *United States* v. *LaBonte*, 70 F.3d 1396, 1413 (1st Cir. 1995) (citing Rule 2, Rules Governing Section 2255 Proceedings), *rev'd on other grounds*, 520 U.S. 751 (1997). Moreover, "[i]t is a settled rule that 'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *Morgan* v. *Holder*, 634 F.3d 53, 60 (1st Cir. 2011) (*quoting Nikijuluw* v. *Gonzales*, 427 F.3d 115, 120 n.3 (1st Cir. 2005)); *see United States* v. *Nishnianidze*, 342 F.3d 6, 18 (1st Cir. 2013) (applying this rule to the claims of a pro-se defendant).

In the petition, Ramos raises each claim by means of a perfunctory headline like "conviction obtained by a violation of the privilege against self-incrimination" or "denial of effective assistance of counsel." (ECF No. 1 at 10-12.) Ramos does not develop any of his legal arguments beyond that short synopsis. In support of each argument, Ramos presents usually one, at most two, sentences of factual allegation. In none of his claims of ineffective assistance, for example, does he either allege or argue that his lawyer was deficient or that an actual deficiency was prejudicial. (ECF No. 1 at 10-12.) Although the instructions on the petition informed Ramos that he could supplement his petition with "[a]dditional pages" of fact "to support [his] grounds for relief" and with "a separate memorandum" of law (ECF No. 1 at 2), he did neither. As a result, the court finds that

Ramos has waived his claims for relief due to lack of development. In the alternative, the court also denies the claims on the merits.

First, Ramos claims that his conviction was obtained unconstitutionally when we permitted co-defendant Rey Vilanova-Delgado ("Vilanova") – who had pleaded guilty under the indictment, but not yet been sentenced – to invoke his Fifth Amendment privilege against self-incrimination despite having been subpoenaed to testify by Ramos. (*See* ECF No. 1 at 10.) "[A] witness may invoke the Fifth Amendment if testifying might incriminate him on direct or cross-examination, despite a defendant's Sixth Amendment interests in presenting that testimony." *Ramos*, 763 F.3d at 53 (*citing United States* v. *Gary*, 74 F.3d 304, 309 (1st Cir. 1996)). And, "the convicted but unsentenced defendant retains a legitimate protectable Fifth Amendment interest as to matters that could affect his sentence." *Id.* at 54 (*citing United States* v. *De La Cruz*, 996 F.2d 1307, 1312 (1st Cir. 1993)). On appeal, the First Circuit found that we "did not abuse [our] discretion in determining that Vilanova had a real fear of worsening his chances for a lenient sentence, admitting to other misconduct, or incriminating himself with respect to the lascivious acts case pending in local courts," if we did not sustain his invocation of the Fifth Amendment privilege. *Id.* at 55. That settles the matter because "issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Singleton* v. *United States*, 26 F.3d 233, 240 (1st Cir. 1994) (*quoting United States* v. *Dirring*, 370 F.2d 862, 864 (1st Cir. 1967)).

Second, Ramos claims that his trial attorney rendered him ineffective assistance when the attorney "failed to object to the court not allowing testimony from [Vilanova]."

(ECF No. 1 at 11.) However, the record is clear that the attorney did object to the court's ruling. (*See* 11-CR-00222, ECF No. 169 at 64-65.) That is why, on appeal, the First Circuit reviewed the underlying Fifth Amendment claim for "abuse of discretion" and not plain error. *See Ramos*, 763 F.3d at 53-55; *see also United States* v. *Pantojas-Cruz*, 800 F.3d 54, 58 (1st Cir. 2015) (if a defendant "fails to preserve an objection below, the plain error standard supplants the customary standard of review."). Ineffective-assistance claims are governed by the principles in *Strickland* v. *Washington*, 466 U.S. 668 (1984), under which Ramos must prove two elements. "'First, [he] must show that counsel's performance was deficient,' which requires showing that counsel's performance was not only substandard, but also 'deficient in some way sufficiently substantial to deny him effective representation.'" *Logan* v. *Gelb*, 790 F.3d 65, 71 (1st Cir. 2015) (*quoting Strickland*, 466 U.S. at 687; *then quoting Epsom* v. *Hall*, 330 F.3d 49, 53 (1st Cir. 2003)). "'Second, [he] must show that the deficient performance prejudiced the defense,' which requires proof that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id*. (*quoting Strickland*, 466 U.S. at 687, 694). Here, Ramos' claim fails because it lacks factual support.

Next, Ramon claims that his attorney rendered him ineffective assistance when the attorney "failed to object to improper jury instructions on aiding and abetting" on the ground that "the instructions didn't include the showing of evidence of knowledge prior to the commission of the crime." (ECF No. 1 at 11.) However, the record is clear that the court informed the jury that, to convict Ramos of aiding and abetting the production of child pornography, the jury had to consider whether Ramos "was aware that recording,

video recording, photographing, was taking place during the sexual conduct." *Ramos*, 763 F.3d at 50. "The court further instructed the jury that it could infer Ramos knew of the recording if he was 'aware of a high probability' that the incident was being recorded on video, and he 'consciously and deliberately avoided learning of that fact.'" *Id*. at 50 n.5. More generally, the court told the jury that "[t]o aid and abet . . . means to intentionally help someone else to commit a crime or to participate in the commission of a crime . . . as something that you wanted to bring about, something that you wanted to happen." (11-CR-00222, ECF No. 169 at 105-06.) These jury instructions sufficiently captured the knowledge requirement for aiding and abetting. *See United States* v. *López-Díaz*, 794 F.3d 106, 111 (1st Cir. 2015). Because the instructions were proper as to the knowledge requirement, Ramos cannot fault his attorney for not objecting to them.

Finally, Ramos claims that his attorney rendered him ineffective assistance when the attorney "failed to object to the sentence imposed for supervised release and the several narrower computer and internet restrictions, which could not be challenged on direct appeal because of this failure." (ECF No. 1 at 12.) To be clear, Ramos' attorney "objected at sentencing to limitations on his use of a computer and his use of the internet during the ten-year term of supervised release that would follow his prison term," thereby "preserv[ing] the issue" for appeal. *Ramos*, 763 F.3d at 58. In fact, Ramos' attorney objected to every restriction on Ramos' "use [of] the internet, computer[s] and so forth." (11-CR-00222, ECF No. 211 at 10.) Thus, Ramos' claim appears directed instead at his appellate attorney, who challenged on appeal only his "broader internet and computer ban," leading the First Circuit to "vacate [only] the challenged restrictions." *Ramos*, 763

F.3d at 63. However, in vacating the broader restrictions, the First Circuit also reviewed the unchallenged restrictions, finding them to be "narrowly tailored conditions" and "appropriate restrictions on Ramos's computer and internet use." *Id*. This court concurs. In any event, as noted above, "issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Singleton*, 26 F.3d at 240 (*quoting Dirring*, 370 F.2d at 864). Ramos does not raise any other ground of habeas relief.

Accordingly, the court, without holding an evidentiary hearing, **DISMISSES** the habeas petition filed under ECF No. 1 because it is plain that Ramos is not entitled to relief on the merits. Rule 4(b), Rules Governing Section 2255 Cases in the United States District Courts (2010); *Moreno-Espada* v. *United States*, 666 F.3d 60, 66 (1st Cir. 2012). "Federal habeas is not an ordinary error-correcting writ," but "an extraordinary remedy, regularly sought but less regularly granted, protecting fundamental federal rights by correcting certain important abuses which everyday legal mechanisms have failed to prevent." *Nadworny* v. *Fair*, 872 F.2d 1093, 1096 (1st Cir. 1989). Here, the petition raised a few garden-variety errors that turn out to be no error at all. For decades, "floods of stale, frivolous and repetitious petitions [have] inundate[d] the docket of the lower courts," yet we continue to search for "the occasional meritorious application . . . buried in a flood of worthless ones." *Brown* v. *Allen*, 344 U.S. 443, 536-37 (1953). This was not one of them.

When entering a final order adverse to a habeas petitioner under 28 U.S.C. § 2255, the court must determine whether the petitioner warrants a certificate of appealability. Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts.

The court may issue a certificate only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Jennings* v. *Stephens*, 135 S. Ct. 793, 802 (2015). No such showing has been made here. Thus, the court will not grant Ramos a certificate. He may still seek one directly from the First Circuit under Federal Rule of Appellate Procedure 22(b)(1).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 25th day of January, 2016.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE
